BRUCE D. ROBINSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JANICE A. ROBINSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Robinson v. Commissioner
Docket Nos. 16095-93, 16096-93
United States Tax Court
T.C. Memo 1995-102; 1995 Tax Ct. Memo LEXIS 105; 69 T.C.M. (CCH) 2061; March 13, 1995, Filed *105 Decisions will be entered under Rule 155. Bruce D. and Janice A. Robinson, pro se. For respondent: Paul K. Voelker. COHEN
COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to tax as follows: Addition to Tax
Docket No.
Year
Deficiency
Sec. 6651(a)(1) Sec. 6654
16095-93
1990
$ 37,153
$ 9,288 $ 2,447
(Bruce D.
1991
33,344
8,336 1,814
Robinson)
16096-93
1990
42,791
10,212 2,674
(Janice A.
1991
39,034
9,328 2,029
Robinson)
Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. After concessions, the issue for decision is whether petitioners are liable for the additions to tax under section 6651(a)(1) for failure to file timely returns for the years in issue. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioners resided in Las Vegas, Nevada, at the time that they filed their petitions. For approximately 50 years of his adult life, Bruce D. *106 Robinson regularly filed Federal income tax returns. On or about May 20, 1991, a joint U.S. Individual Income Tax Return (Form 1040) for 1990 was prepared for petitioners by a professional return preparer in Las Vegas, Nevada. That return showed taxable income in the amount of $ 111,302; total tax in the amount of $ 28,591; withheld taxes and estimated taxes in the amount of $ 4,945; and a balance owing in the amount of $ 23,646. Because of a previously obtained extension of time for filing, petitioners' 1990 return was due August 15, 1991. Although petitioners had the money to pay the taxes shown on the 1990 return that was prepared in May 1991, they were advised by a "friend" that they did not have to file the return. They accompanied the "friend" to a meeting of an organization known as The Pilot Connection Society (PCS). They paid $ 45 to join PCS at the first meeting, and they later paid approximately $ 1,100 for "a big package of papers" known as "the untaxing package". Subsequently, they paid $ 5,500 to a person recommended by PCS to form various trusts that, according to PCS, would avoid the requirement of filing Federal tax returns. In addition, they delivered to *107 another person cash to be invested in a certificate of deposit in an offshore bank. Petitioners later found out that the bank was not offshore but was in Ohio, and they demanded and ultimately received back their investment funds. In early 1992, petitioners completed their "untaxing package". On March 26, 1993, Mr. Robinson saw a television broadcast of the program 20/20, including a segment entitled "Tax Scam U.S.A.". The statutory notices for 1990 and 1991 were sent to petitioners on May 3, 1993. On or about May 18, 1993, petitioners caused their 1991 Federal tax return to be prepared. That return was filed on June 3, 1993. On July 6, 1993, they filed their return for 1990. An amended return for 1991 was filed July 26, 1993. OPINION Prior to trial, the parties stipulated that the belatedly filed returns of petitioners for 1990 and 1991 correctly reflected their income tax liability and the additions to tax due under section 6654. Petitioners contend, however, that they are not liable for the additions to tax under 6651(a)(1). Section 6651(a)(1) imposes an addition to tax not exceeding 25 percent of the tax required to be shown on a return "unless it is shown that such *108 failure [to file the return on time] is due to reasonable cause and not due to willful neglect". Mrs. Robinson testified at trial about various contacts with various persons, but she never testified that any lawyer or certified public accountant advised petitioners that it was not necessary to file a Federal income tax return. Compare . She relied only on representatives of PCS, who were not competent professionals. Mr. Robinson testified that he had been paying taxes for 50 years, but acknowledged: "We should have known, I guess, what we were about, but one thing led to another and I guess we got the wrong information and we were just suckered into it." Petitioners also presented a letter dated January 3, 1994, from the U.S. Department of Justice, reporting a criminal indictment of the representatives of PCS and referring to persons such as petitioners as "victims". Although petitioners may have been victims of PCS, there is no legal excuse for their failure to file timely returns. In Mr. Robinson's words, they "should have known". Paraphrasing the Court of Appeals for the Seventh Circuit, in *109 their haste to avoid their tax obligations, taxpayers such as petitioners here have put their common sense behind them and have become easy targets for tax avoidance charlatans. , affg. . In the words of the Court of Appeals for the Ninth Circuit, "No reasonable person would have trusted this scheme to work." , affg. . We recognize that petitioners belatedly filed correct returns and have not pursued frivolous arguments in these cases. They did not have reasonable cause, however, for failure to file their returns on time. The additions to tax under section 6651(a)(1) must be sustained. To reflect the revised deficiencies and corresponding revisions in the additions to tax, Decisions will be entered under Rule 155.